**MICHILIN PROSPERITY
CO., Plaintiff,**

**v.**

**FELLOWES MANUFACTURING
CO., Defendant.**

Civil Action No. 04–1025(RWR)(JMF).

United States District Court,
District of Columbia.

Aug. 30, 2006.

Felix Joseph D'Ambrosio, Thomas J. Moore, Bacon & Thomas, PLLC, Alexandria, VA, for Plaintiff.

Bryan Patrick Collins, Monica B. Lateef, William Paul Atkins, Pillsbury Winthrop Shaw & Pittman, McLean, VA, for Defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD W. ROBERTS, District Judge.

Michilin Prosperity Co. ("Michilin") alleges that the POWERSHRED PS70–2CD distributed by Fellowes Manufacturing Co. ("Fellowes") infringes United States Patent No. 6,550,701 ("the '701 patent") under the doctrine of equivalents. The parties submitted claim interpretation memoranda, and a hearing was held in accordance with *Markman v. Westview*, 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996), to construe the disputed terms of the '701 patent claims. Consistent with the patent claims, the specification and extrinsic evidence where appropriate, "two inports" will be construed to mean at least two inports, the orientation of the "vertical channel walls" and "inclined, curved channel walls" will be interpreted to be in relation to the plane of the roller blades, "touch switch" will denote a switch that requires physical contact in order to be activated, the "paper touch switch" and "disc touch switch" will be construed as separate switches that are located in different "appropriate locations," and the "single touch switch" of claim 4 will be construed as a switch, in addition to the paper touch switch and disc touch switch.

With the claims now construed, it is clear that the '701 patent discloses, but does not claim, a one-switch embodiment of the claimed shredding invention, thereby dedicating that embodiment to the public. Because the one-switch embodiment has been dedicated to the public, Michilin may not assert infringement under the doctrine of equivalents for that embodiment, and Fellowes's previous motion for summary judgment of non-infringement under the doctrine of equivalents based on the disclosure-dedication rule now will be granted.

## BACKGROUND

The '701 patent claims as its invention a shredder with inports for paper and media

storage discs and a paper touch switch and a disc touch switch to activate the shredding function. The patent contains four claims and claim 1 is the sole independent claim, reciting a machine body, two inports (one to receive paper, the other discs), a paper touch switch and a disc touch switch, which each activate the shredding function when something is inserted in its corresponding inport. '701 patent, col. 4:52—col. 6:15. Fellowes's POWERSHRED PS70–2CD has inports for paper and media storage discs and only a single optical switch to activate the shredding function. Michilin alleges that the POWERSHRED PS70–2CD shredder infringes the '701 patent under the doctrine of equivalents. Michilin and Fellowes dispute the proper construction of seven claim terms of the '701 patent that require resolution in accordance with *Markman*.

Fellowes previously moved for summary judgment of non-infringement under the doctrine of equivalents based on the disclosed-but-not-claimed rule, also known as the disclosure-dedication rule, and that motion was denied.[1]

### DISCUSSION

■ In construing patent claims, a court must start with the claim language and consider it in light of the specification and prosecution history, and if necessary use extrinsic evidence, such as inventor testimony, to clarify any remaining ambiguity. *Searfoss v. Pioneer Consol. Corp.*, 374 F.3d 1142, 1149 (Fed.Cir.2004); *Biogen, Inc. v. Berlex Labs., Inc.*, 318 F.3d 1132, 1140 (Fed.Cir.2003); *Interactive Gift Express, Inc. v. Compuserve, Inc.*, 256 F.3d 1323, 1332 (Fed.Cir.2001); *see also Phillips v. AWH Corp.*, 415 F.3d 1303, 1312–19 (Fed.Cir.2005).

### I. CLAIM CONSTRUCTION OF THE DISPUTED TERMS

#### A. *"Two Inports"*

■ The '701 patent claims "two inports on an upper lid thereof" to receive the paper and optical discs to be shredded. The parties agree that "two inports" means the invention possesses two inports, but Fellowes argues that the '701 patent claims two or more inports, while Michilin contends that the patent claims two, and only two, inports. (*See* Michilin's Resp. Brief at 9–10; Fellowes's Opening Brief at 13–14.)

The '701 patent uses the term of art "comprising" to claim all of the elements, including the "two inports," of the invention, meaning that the claimed elements are essential, "but other elements may be added and still form a construct within the scope of the claim." *Genentech, Inc. v. Chiron Corp.*, 112 F.3d 495, 501 (Fed.Cir.1997); '701 patent, col. 4:54. Therefore, the '701 patent claims an invention with at least two inports.

#### B. *"Vertical channel walls" of the disc inport and "inclined, curved channel walls" of the paper inport*

■ The '701 patent recites a paper inport with "inclined, curved channel walls" and a disc inport with "vertical channel walls." '701 patent, col. 4:61–63. Fellowes argues that the orientation of the channel walls leading from the inports should be construed as relative to the

---

1. Fellowes also moved for summary judgment of non-literal infringement and of non-infringement under the doctrine of equivalents based on the all limitations rule. Fellowes's motion for summary judgment of non-literal infringement was granted, but its motion based on the all limitations rule was denied. *See Michilin Prosperity Co. v. Fellowes Mfg. Co.*, 422 F.Supp.2d 86, 93 (D.D.C.2006) ("*Michilin I*"); *Michilin Prosperity Co. v. Fellowes Mfg. Co.*, 433 F.Supp.2d 10, 12–13 (D.D.C.2006) ("*Michilin II*").

plane of the roller blades, while Michilin maintains that the orientation of the channel walls should be relative to the machine itself. (See Fellowes's Opening Brief at 17–19; Michilin's Resp. Brief at 10–11.)

Here, the claim language provides no guidance on the plane in relation to which the channel walls must be vertical or inclined. Further, the specification does not resolve the parties' disagreement because it supports each interpretation equally since the plane of the roller blades and the machine are parallel in the drawings of the invention provided in the patent specification. '701 patent, Figs. 1–3. No prosecution history exists on the vertical or inclined nature of the respective channel walls. Because the terms remain ambiguous after looking at the claim language, the specification and the prosecution history, extrinsic evidence may be considered. See *Interactive Gift Express*, 256 F.3d at 1332 ("Relying on extrinsic evidence to construe a claim is proper only when the claim language remains genuinely ambiguous after consideration of the intrinsic evidence.").

Frank Chang, the inventor of the '701 patent, explained in his deposition that aligning the disc inport walls at right angles to the roller blades reduces the chances the disc will be ejected during the shredding process. (See Fellowes's Opening Brief at 18; *see also id.*, Ex. G, Chang Dep. at 60:6–11, May 24, 2006 ("One is vertical. The other is at an angle. And they go in to meet a pair of blades. Why do I have to go that angle? It's because if I put a disc or CD from this angle, it will jump out.").) Having the disc inport vertical with respect to the roller blades to prevent the disc from jumping out during the shredding process is significant because disposing of optical discs is one of the problems the '701 patent set out to solve. (See Michilin's Opening Brief at 1.)

See '701 patent col. 1:36–59. This extrinsic evidence makes clear that the orientation of both the "vertical channel walls" of the disc inport and the "inclined, curved channel walls" of the paper inport is in relation to the plane of the roller blades.

C. *"Touch switch"*

■ The invention of the '701 patent activates its shredding function using a "touch switch." Fellowes maintains that the term "touch switch" should be construed to mean a switch that requires physical contact in order to be activated. (*See* Fellowes's Opening Brief at 20.) Michilin, however, contends that the term "touch switch" means "touch switch, or any other kind of switch." (Michilin's Opening Brief at 10.)

Michilin conceded that "the conventional definition of a 'touch switch' means a switch that must be physically touched to be activated" (Fellowes's Opening Brief, Ex. H, Michilin's Response to Fellowes's Requests for Admissions at 4), and now cites no alternative definition of touch switch offered in the '701 patent. This matter, then, is conclusively established pursuant to Federal Rule of Civil Procedure 36(b). Fed.R.Civ.P. 36(b) ("Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the issue."). Moreover, Michilin did not contest at the supplemental scheduling conference held on March 29, 2006 that a touch switch requires physical contact, and *Michilin II* granted Fellowes's request for summary judgment of literal non-infringement. *Id.*, 433 F.Supp.2d at 12–13. Michilin cannot now revive an argument it opted to waive. In any case, the ordinary meaning of touch switch requires the switch to be physically touched. The claim language is clear and unambiguous. "Touch switch" means a

switch that requires physical contact in order to be activated.

### D. *"Paper touch switch and disc touch switch" and "appropriate location"*

■ The '701 patent recites a paper touch switch and a disc touch switch to be placed at appropriate locations between the inports and the roller blades. '701 patent, col. 5:1–5. Fellowes contends that the paper touch switch and disc touch switch should be construed to mean two separate switches located at separate appropriate locations along the inport passageways. (*See* Fellowes's Opening Brief at 25–27; Fellowes's Reply Brief at 12.) Michilin argues that these terms should be construed to mean that there may be one or two switches; that if there are two switches, they must be in different locations; but if there is one switch, it can be in its own appropriate location. (See Michilin's Resp. Brief at 13.)

Claim 1 of the '701 patent plainly states two separate switches—one paper and one disc—to be placed in different locations: the paper touch switch between the paper inport and the roller blades, the disc touch switch between the disc inport and the roller blades. '701 patent, col. 5:1–5. While Michilin correctly observes that the specification details a one-switch embodiment, that disclosure cannot undo the fact that Claim 1 delineates two switches. *Searfoss,* 374 F.3d at 1149 ("[T]he claim construction inquiry . . . begins and ends in all cases with the actual words of the claim."). Because the claims state two separate switches, the appropriate locations must also be separate.

### E. *Claim 4's "single touch switch"*

■ Claim 4 of the '701 patent recites a claim dependent on claim 1, but also recites a "single touch switch . . . provided between the roller blades such that regardless of the type of substance being fed by a user, the paper, disc, or credit cards can all touch the touch switch so as to activate the roller blades." '701 patent, col. 6:8–14. Michilin believes claim 4's reference to a "single touch switch" means that claim 4 states a single-switch embodiment of the invention, relying on the fact that the specification discloses a one-switch embodiment and says the invention can be reduced to one switch in order to save costs. Michilin makes this assertion in the face of admitting that claim 4 is dependent on claim 1, which recites two switches. (See Michilin's Resp. Brief at 14.) Fellowes argues that the "single touch switch" in claim 4 should be construed as "a third touch switch in addition to the paper touch switch and the disc touch switch." (Fellowes's Opening Brief at 30–31.) Fellowes relies largely on the fact that claim 4 is dependent on claim 1, and therefore, must incorporate all of the limitation of claim 1 in addition to any additional elements claimed. (*Id.*) See 35 U.S.C. § 112, ¶ 4 ("A claim in dependent form shall be construed to incorporate by reference all the limitations of the claim to which it refers.")

A dependent claim must be construed to incorporate all of the limitations of the independent claim with which it is associated. 35 U.S.C. § 112, ¶ 4. Claim 1 recites two switches, and claim 4 recites an additional "single switch." Claim 4's single switch, then, must be construed as a switch in addition to the paper touch switch and disc touch switch. Any other result would amount to redrafting Michilin's claims, a power this court lacks. *See Chef America Inc. v. Lamb–Weston Inc.,* 358 F.3d 1371, 1374 (Fed.Cir.2004).

### II. RECONSIDERATION OF DENIAL OF SUMMARY JUDGMENT BASED ON DISCLOSURE–DEDICATION RULE

■■ Summary judgment is proper "if the pleadings, depositions, answers to in-

terrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Under the disclosure-dedication rule, "when a patent drafter discloses [in the specification] but declines to claim subject matter ... this action dedicates that unclaimed subject matter to the public," and the subject matter cannot be found to be an infringing equivalent as a matter of law. *Johnson & Johnston Assocs. Inc. v. R.E. Service Co.*, 285 F.3d 1046, 1054–55 (Fed.Cir.2002). "[I]ntent is not a part of the *Johnson & Johnston* disclosure-dedication analysis." *Toro Co. v. White Consolidated Indus.*, 383 F.3d 1326, 1333 (Fed.Cir.2004).

■ Michilin asserts infringement by Fellowes's single, optical switch shredder under only the doctrine of equivalents. Fellowes previously moved for summary judgment of non-infringement based on the disclosure-dedication rule. The motion was denied on the ground that the single-switch embodiment of the shredder claimed in the '701 patent had not been dedicated to the public because "Michilin sought to claim the alleged equivalent subject matter, a one switch embodiment of its shredding machine, in claim 4 of the '701 patent." *See Michilin I*, 422 F.Supp.2d at 93–94. With the claims of the '701 patent now having been construed, it is clear that the '701 patent discloses, but does not claim a single-switch shredder. It is equally evident, then, that Fellowes's motion for summary judgment of non-infringement under the disclosure-dedication rule should now be granted.[2]

The '701 patent plainly discloses a one-switch shredder. '701 patent, col. 4:30–44 ("[I]n consideration of reduction of manufacturing cost and in response to the market demands, the number of touch switches in this invention may be reduced to one...."). As is discussed above, claim 1, the sole independent claim of the '701 patent, recites both a paper touch switch and a disc touch switch. Because all the remaining claims must inherit the paper touch switch and disc touch switch, no single-switch embodiment is claimed. Though the patent drafter may have intended claim 4 to cover the disclosed single-switch embodiment, claim 4 recites a paper touch switch, a disc touch switch and an additional "single switch." In *Toro*, a patent holder argued that because it did not intend to leave the allegedly infringing structure unclaimed, the disclosure-dedication rule did not apply and the patent holder should be allowed to assert infringement under the doctrine of equivalents. 383 F.3d at 1332. The Federal Circuit disagreed and held that "intent is not a factor in applying the disclosure-dedication rule, [and a patent holder] cannot prevail as a matter of law on its argument that it did not decline to claim or deliberately leave unclaimed" the allegedly infringing structure or embodiment. *Id.* at 1333. Michilin cannot escape the holding of *Toro*. Notwithstanding the apparent, but unsuccessful, attempt to claim a one-switch shredder, the '701 patent dedicated that embodiment to the public, and Michilin may not assert infringement under the doctrine of equivalents for that embodiment. No genuine issue of material fact remains, and Fellowes is entitled to summary judgment of non-infringement under

---

**2.** "[I]t is well established that a district court has the inherent power to reconsider interlocutory orders and reopen any part of a case before entry of final judgment." *See United States v. Rezaq*, 899 F.Supp. 697, 701 (D.D.C. 1995).

## CONCLUSION AND ORDER

Based on the patent claims, the specification and extrinsic evidence where appropriate, "two inports" means at least two inports, the orientation of the "vertical channel walls" and "inclined, curved channel walls" is in relation to the plane of the roller blades, "touch switch" means a switch that requires physical contact in order to be activated, the "paper touch switch" and "disc touch switch" denote separate switches that are located in different "appropriate locations," and the "single touch switch" of claim 4 is a switch, in addition to the paper touch switch and disc touch switch. Further, because the '701 patent construed in accord with *Markman v. Westview* discloses, but does not claim, a one-switch embodiment of the claimed shredding invention, that embodiment has been dedicated to the public. Accordingly, Michilin may not assert a theory of infringement under the doctrine of equivalents against Fellowes's single-switch POWERSHRED PS70–2CD, and Fellowes's motion for summary judgment of non-infringement under the doctrine of equivalents based on the disclosure-dedication rule now will be granted. Accordingly, it is hereby

ORDERED that Fellowes's motion [15] for summary judgment of non-infringement under the doctrine of equivalents be, and hereby is, GRANTED and that portion of the Order signed on March 7, 2006 denying this motion is VACATED. It is further

ORDERED that Fellowes's motion [74] to expedite the briefing schedule on its third motion [73] to compel and for sanctions be, and hereby is, DENIED as moot. It is further

ORDERED that Fellowes's motions [75, 91] for leave to file exhibits under seal in support of its third motion [73] to compel and for sanctions be, and hereby are, GRANTED. It is further

ORDERED that Michilin's motion [76] be, and hereby is, DENIED IN PART insofar as it seeks to preclude discovery of extrinsic evidence and exclude extrinsic evidence from the *Markman* hearing.[4] It is further

ORDERED that Michilin's motion [102] in limine to exclude consideration of certain extrinsic evidence for the purposes of claim construction be, and hereby is, DENIED. It is further

ORDERED that the parties file a joint status report on or before September 8, 2006 with any proposals about amending the supplemental scheduling order and any other proposals about how the case now should proceed.

3. Because Michilin dedicated the one-switch shredder to the public and Fellowes has been granted summary judgment of non-infringement under the doctrine of equivalents, Fellowes's request that questions concerning infringement under the doctrine of equivalents of the '701 patent by a one-switch shredder be certified to the Federal Circuit is now moot.

4. Michilin styled motion [76] as a motion for reconsideration of the magistrate judge's order [71] on the parties' discovery motions, but Michilin's motion was in substance a request that any extrinsic evidence be excluded from discovery or consideration for the purposes of the *Markman* hearing and claim construction.